O'NEAL CONSTRUCTION, INC. v. LEONARD S. GIBBS GRADING

[121 N.C. App. 577 (1996)]

O'NEAL CONSTRUCTION, INC., Plaintiff v. LEONARD S. GIBBS GRADING, INC., Defendant

No. COA95-35

(Filed 20 February 1996)

**Arbitration and Award § 17 (NCI4th)— waiver of right to arbitration—insufficiency of evidence**

The trial court erred in determining that defendant waived its right to arbitration, since defendant pled the right to arbitration as an affirmative defense and moved for arbitration in its answer, thereby putting plaintiff on notice that it was claiming the right; defendant's subsequent participation in mediation, absent a specific waiver of arbitration, was not inconsistent with arbitration and did not constitute an implied waiver of arbitration; defendant's "delay" in scheduling arbitration was based on the architect's slow response to plaintiff's attorney's question regarding the procedures for submitting the dispute to him for resolution; and the findings and evidence did not show that plaintiff was prejudiced by this "delay."

**Am Jur 2d, Alternative Dispute Resolution §§ 129-132.**

**Filing of mechanic's lien or proceeding for its enforcement as affecting right to arbitration. 73 ALR3d 1066.**

**Defendant's participation in action as waiver of right to arbitration of dispute involved therein. 98 ALR3d 767.**

Appeal by defendant from orders entered 31 August 1994 by Judge Anthony M. Brannon in Orange County Superior Court. Heard in the Court of Appeals 5 October 1995.

*Robert R. Chambers, P.A., by Robert R. Chambers, for defendant-appellant.*

*Northen, Blue, Rooks, Thibaut, Anderson & Woods, L.L.P., by Jo Ann Ragazzo Woods, for plaintiff-appellee.*

LEWIS, Judge.

This action arises out of a dispute between plaintiff, a general contractor, and defendant, a subcontractor, over defendant's performance under the subcontract.

O'NEAL CONSTRUCTION, INC. v. LEONARD S. GIBBS GRADING

[121 N.C. App. 577 (1996)]

In January 1992, plaintiff and the Durham County Board of Education entered into a contract ("prime contract") for plaintiff to act as general contractor to build Forest View Elementary School (formerly Hope Valley Elementary School) in Durham, North Carolina. This contract contained provisions that required arbitration of disputes upon demand of either party.

In February 1992, plaintiff and defendant entered into a subcontract ("contract") wherein defendant agreed to provide certain concrete work for the school building project. This contract incorporated the prime contract's terms and conditions by reference, including the arbitration provisions.

On 8 October 1993, plaintiff sued defendant for damages alleging that defendant breached the contract. On 14 February 1994, defendant answered denying the breach, and pleading the agreement to arbitrate as an affirmative defense. In its answer, defendant also moved the court for an order staying the proceedings and compelling arbitration. However, defendant did not schedule a hearing on its motion.

On 25 April 1994, the parties voluntarily participated in mediation in an attempt to resolve their differences, but this mediation resulted in an impasse. Defendant contends that plaintiff's attorney then agreed for the parties to proceed to arbitration and that she would contact the architect to request that he act as arbitrator. Plaintiff's attorney contends that "there was . . . no agreement between counsel to arbitrate in the event mediation was not successful." However, plaintiff admits that the contract contains an agreement to arbitrate and that its attorney called the architect to inquire about procedures for submission of the dispute to him for resolution. The architect did not respond to this request.

On 27 April 1994, plaintiff served a request for production of documents on defendant. On 21 June 1994, Judge Gordon Battle entered an order placing this action on the trial calendar for the 12 September 1994 civil session of Superior Court. On 7 July 1994, plaintiff served a motion to compel discovery and for sanctions. In response, on 15 July 1994, defendant filed a second motion to compel arbitration. A hearing on these motions was held on 25 July 1994 before Judge Brannon. By order signed and filed on 31 August 1994, Judge Brannon denied defendant's motion to compel arbitration based upon his determination that defendant had "impliedly waived" his contractual right to arbitration. In this order, Judge Brannon also granted plaintiff's motion to compel discovery, ordered defendant to respond to plain-

tiff's discovery request, and denied plaintiff's motion for sanctions ("first order").

After this hearing, defendant filed motions for rehearing and for imposition of sanctions against plaintiff. On 31 August 1994, a hearing was held on these motions. At this hearing, Judge Brannon orally denied defendant's motions for rehearing and for imposition of sanctions against plaintiff ("second order").

Defendant appeals from both orders.

In its first assignment of error, defendant assigns error to the court's "failure," in its first order "to make a finding as to whether or not a valid agreement to arbitrate this dispute exists between the parties to this action, on the ground that such finding is required as a matter of law." In support of this argument, defendant asserts that such a finding is required by N.C. Gen. Stat. section 1-567.3(a) which provides as follows:

> On application of a party showing an agreement described in G.S. 1-567.2; and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, *but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised* and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

G.S. § 1-567.3(a)(1983) (emphasis added).

Both in its brief and at the 25 July 1994 hearing, plaintiff has admitted that the contract contained an agreement to arbitrate. Thus, this is not a case in which "the opposing party denies the existence of the agreement to arbitrate" under N.C.G.S. section 1-567.3(a). Consequently, the trial court was not required at the hearing to determine whether an arbitration agreement existed. Defendant's first assignment of error fails.

In its second and third assignments of error, defendant cites the court's denial of its motion to compel arbitration on the ground, *inter alia,* that the court operated under a misapprehension of law in determining that defendant "impliedly waived" its right to arbitration. Defendant also asserts that the court's conclusions of law are not supported by its findings and that the findings are not supported by the evidence.

Due to "strong public policy in North Carolina favoring arbitration," courts "must closely scrutinize any allegation of waiver" of the right to arbitration. *Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 229, 321 S.E.2d 872, 876 (1984). In accordance with this policy, our Supreme Court has required a showing of prejudice to the opposing party. The Court held that

> a party has impliedly waived its contractual right to arbitration if by its delay or by actions it takes which are inconsistent with arbitration, another party to the contract is prejudiced by the order compelling arbitration.

*Id.* Such prejudice can be shown by a party if it is forced to "bear the expenses of a lengthy trial," helpful evidence is lost because of the opponent's delay, the party's opponent "takes advantage of judicial discovery procedures not available in arbitration," or a party has spent "significant amounts of money" or acted to its detriment due to the delay of its opponent. *Id.* at 229-30, 321 S.E.2d at 876-77.

In its first order, the trial court found that defendant "impliedly waived" its right to arbitration "by its delay" and by actions "inconsistent with arbitration including but not limited to participation in a mediated settlement conference in April, 1994 . . . ." To further support its finding of waiver, the court found that plaintiff was prejudiced by defendant's delay in filing its motion to compel arbitration

> after the parties participated in a mediated settlement conference, after Plaintiff served written discovery on Defendant, after Defendant failed to answer or respond to written discovery of Plaintiff, after the case is calendared for the non-jury trial of this matter, after Plaintiff filed and notice [sic] for hearing its motion to compel discovery, and after Plaintiff incurred attorneys fees in the above matters.

Although we acknowledge that the record supports the facts found by the court as to the <u>sequence</u> of the events as set out above, we do not agree that these findings are sufficient to support the court's determination that defendant has waived its right to arbitration. The record evidence also does not support a determination of waiver here.

By pleading the right to arbitration as an affirmative defense and moving for arbitration in its answer, defendant put plaintiff on notice that it was claiming the right. Defendant's subsequent participation in mediation, absent a specific waiver of arbitration, is not "inconsistent

with arbitration" and does not constitute an implied waiver of arbitration.

As to defendant's "delay," the record shows that defendant waited to schedule a hearing on its motion until after the architect responded to plaintiff's attorney's question regarding the procedures for submitting the dispute to him for resolution. The architect has admitted that he did not respond until after he was called by defendant's attorney in July 1994, the same month in which defendant's second motion to compel was filed and in which the hearing on the motion was held.

The findings and evidence do not show that plaintiff was prejudiced by this "delay" in any of the ways described in *Cyclone. See id.* at 229-30, 321 S.E.2d at 876-77 (suggesting the types of actions that show prejudice). There are neither findings nor record evidence to show that helpful evidence has been lost due to any delay in discovery. The record also does not show that defendant took advantage of discovery procedures that are unavailable in arbitration. Finally, although the findings indicate that plaintiff incurred attorney fees prior to the hearing on defendant's motion, the record does not contain evidence to support this finding. Further, neither the findings nor record evidence support the conclusion that these expenses were incurred in reliance on defendant's actions. Rather, the record shows that any expenses incurred resulted from plaintiff's decision to litigate rather than arbitrate.

Accordingly, we conclude that the court erred in determining that defendant waived its right to arbitration. Since both parties admit that the contract requires arbitration, we remand to the trial court for entry of an order compelling arbitration in accord with N.C.G.S. section 1-567.3(a).

In its fourth assignment of error, defendant asserts that the court erred in allowing plaintiff's motion to compel discovery and in failing to stay the proceedings until after arbitration. Given our holding that defendant has not waived the right to arbitration, we likewise hold that the court erred by compelling discovery and by failing to stay the proceedings.

In its fifth assignment of error, defendant asserts that the court erred, in its second order, in denying defendant's motion, under Rule 60 of the North Carolina Rules of Civil Procedure, to rehear its motion to compel arbitration and stay the proceedings. We do not address

this assignment of error because we have already determined that the court erred in its first order.

In its final assignment of error, defendant asserts that the court erred in denying its motion for sanctions against plaintiff and its attorney. In exercising our *de novo* review of a court's denial or imposition of sanctions, we must determine (1) whether the judgment or determination is supported by conclusions of law, (2) whether these conclusions are supported by findings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Here, we cannot engage in such a review because the court did not make findings of fact and conclusions of law to support its order. *See Williams v. Liggett*, 113 N.C. App. 812, 817, 440 S.E.2d 331, 334 (1994) (holding that review required by *Turner* not possible absent findings of fact and conclusion of law). Thus, we remand for entry of findings of fact and conclusions of law on the issue of whether sanctions are warranted. *See id.* (remanding for findings and conclusions).

Reversed in part, affirmed in part, and remanded.

Judges WALKER and MARTIN, Mark D. concur.