ROBERT MASON, ET AL., PLAINTIFFS v. TOWN OF FLETCHER, ET AL., DEFENDANTS

No. COA01-290

(Filed 2 April 2002)

1. **Highways and Streets— right-of-way—maintenance by DOT—mowing**

Testimony concerning the mowing of a highway right-of-way provided support for the trial court's finding that DOT maintained the right-of-way, through which a water line was laid in front of plaintiff's property, beyond the paved portion of the highway.

2. **Evidence— judicial notice—right-of-way width—survey from another case**

There was competent evidence to support the trial court's finding of the width of a highway right-of-way in an action arising from a water line laid in front of plaintiff's property where the court took judicial notice of a survey of the highway and right-of-way in another case.

3. **Highways and Streets— right-of-way—water line—permitted by encroachment agreement**

The trial court did not err by concluding that a water line was a proper use of a highway right-of-way where the right-of-way encroachment agreement between DOT and plaintiffs provided for installation of the water line.

Appeal by plaintiffs from judgment entered 29 December 2000 by Judge J. Marlene Hyatt in Henderson County Superior Court. Heard in the Court of Appeals 10 January 2002.

*Westall, Gray, Connolly & Davis, P.A., by Jack W. Westall, Jr., for plaintiff appellants.*

*Russell & King, P.A., by Sandra M. King and David E. Peterson, for defendant appellees.*

TIMMONS-GOODSON, Judge.

Robert L. Mason, Joseph D. Brigman and his wife, Margaret H. Brigman (collectively "plaintiffs"), appeal from judgment by the trial court concluding that the Town of Fletcher and City of Hendersonville (collectively "defendants") did not trespass when they installed a water line adjacent to a public road fronting plaintiffs' property. The facts pertinent to this appeal are as follows: On 25 June 1999, plaintiffs filed a complaint for trespass and inverse condemnation in Henderson County Superior Court. Plaintiffs alleged that defendants had unlawfully constructed a water line upon plaintiffs' property without plaintiffs' permission, thereby constituting a continuing trespass.

The trial court heard the matter on 9 October 2000, at which time it made the following findings of fact:

1. The Plaintiffs are owners of real property which fronts on Howard Gap Road (SR 1006) in Fletcher, Henderson County, North Carolina, pursuant to a Warranty Deed dated June 29, 1989 and recorded at Deed Book 740, Pages 373 and 374 of the Henderson County Registry.

2. The legal description in the deed referred to in finding No. 1 above states, in part, that the real property is "SUBJECT TO the right of way of Howard Gap Road."

3. Taking judicial notice of the Henderson County Superior Court File #97 CvS 586, in addition to the evidence presented in this proceeding, the undersigned finds that the right of way referred to in finding No. 2 above is 39.37 feet wide.

4. The paved portion of Howard Gap Road through Plaintiffs' property is approximately 23 feet wide.

5. In February, 1998, Defendant Town of Fletcher ("Fletcher") entered into a contract with Mattern & Craig, Inc., Engineers ("Engineers"), which provided that Engineers would make all arrangements necessary to enable Fletcher to install a water line in the margin of Howard Gap Road, a portion of which water line

would pass across the plaintiffs' property fronting on Howard Gap Road.

6. The water that was going to be used in the water line was owned by Defendant Town of Hendersonville ("Hendersonville"), so it was agreed that Hendersonville would become the owner of the water line.

7. On conflicting evidence, the North Carolina Department of Transportation ("DOT") had provided maintenance to Howard Gap Road, including mowing the hay and grass along the edges of the road to a distance of 6 to 15 feet on each side of the pavement thereof.

8. In August 1998 a DOT standard form "Right Of Way Encroachment Agreement" was entered into between Hendersonville, as owner of the water line, and DOT, as owner of the right of way on Howard Gap Road, that gave Hendersonville the right to encroach upon, and utilize, DOT's right of way for installation and use of the water line.

9. During the installation of the water line, Plaintiffs complained to Fletcher that the water line was encroaching on their property.

10. On conflicting evidence, the water line was installed within the Howard Gap Road right of way across Plaintiffs' property.

11. Howard Gap Road (SR 1006) is a state road that has been used by the public continuously and has never been abandoned.

12. Even if a trespass had occurred, the Plaintiffs suffered no damage, but rather the installation of the water line enhanced the value of their property.

Based upon the above-stated findings of fact, the trial court concluded that "[t]he construction of the water line across and through Plaintiffs' property within the DOT's right of way was a proper use of the right of way within the dedication of Howard Gap Road to public use." The trial court therefore determined that defendants had committed no trespass and entered judgment in favor of defendants. Plaintiffs now appeal to this Court.

---

Plaintiffs contend on appeal that the trial court erred in (1) finding and concluding that the North Carolina Department of Transportation ("DOT") had a right-of-way 39.37 feet wide; (2) con-

cluding that the construction of the water line was a proper use of the right-of-way; and (3) concluding that plaintiffs suffered no damages as a result of the installation of the water line in the right-of-way. For the reasons stated herein, we affirm the judgment of the trial court.

Upon review of judgment by the trial court, we must determine whether there was competent evidence before the court to support its findings of fact, and whether those findings of fact, in turn, support its conclusions of law. *See Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580-81, 350 S.E.2d 83, 86 (1986). "On appeal, the findings of fact made below are binding on the Court of Appeals if supported by the evidence, even when there may be evidence to the contrary." *Barnhardt v. City of Kannapolis*, 116 N.C. App. 215, 217, 447 S.E.2d 471, 473, *disc. review denied*, 338 N.C. 514, 452 S.E.2d 807 (1994).

[1] Plaintiffs argue that there was no competent evidence to support the trial court's finding that there existed a right-of-way across plaintiffs' property in favor of DOT, and that such right-of-way was 39.37 feet wide. Plaintiffs admit, however, that the warranty deed by which they acquired title to their property states that such property is "SUBJECT TO the right of way of Howard Gap Road." Further, plaintiffs do not dispute that Howard Gap Road is a public highway, and that the paved portion of Howard Gap Road is twenty-three feet in width. Plaintiffs nonetheless argue that there was no evidence to support the trial court's finding that DOT maintained the right-of-way beyond the paved portion of the road, and that such right-of-way was 39.37 feet wide. We disagree.

Competent evidence before the trial court supported the court's finding that DOT maintained the Howard Gap Road right-of-way beyond the paved portion of the highway. Mr. Clarence William Corn ("Mr. Corn"), an employee of DOT and the former mowing inspector for Henderson County where plaintiffs' property is located, testified that he was personally familiar with the Howard Gap Road right-of-way. Mr. Corn explained that DOT generally mowed the Howard Gap Road right-of-way fronting plaintiffs' property six times per year using a "bush hog mower," and that at least once per year, DOT utilized a "contour mower" to mow "approximately 10 to 15 [feet] from the ditch or the edge of the road over as far as [DOT could] mow." Although plaintiffs testified that they had never witnessed such mowing, "[i]t is well established that where the trial court sits without a

jury, the court's findings of fact are conclusive if supported by competent evidence, even though other evidence might sustain contrary findings." *Barnhardt*, 116 N.C. App. at 224-25, 447 S.E.2d at 477. Because there was competent evidence to support the trial court's finding that DOT maintained the Howard Gap Road right-of-way beyond the paved portion of the highway, the trial court did not err in finding such.

[2] As to plaintiffs' contention that the trial court erred in finding the right-of-way to be 39.37 feet wide, we note that, in its finding of fact Number Three, the trial court stated that it was taking judicial notice of another case between the parties in the Henderson County Superior Court, Case Number 97 CVS 586. Case Number 97 CVS 586 was a condemnation case brought by DOT against plaintiffs, involving a small portion of Howard Gap Road. According to the survey map completed by DOT and submitted to the trial court in that case, the Howard Gap Road right-of-way at issue in the present case extended 39.37 feet wide.

"In a trial court, a party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." N.C. Gen. Stat. § 8C-1, Rule 201(e) (1999). Plaintiffs made no such request before the trial court, nor do they argue on appeal that the trial court could not properly take notice of its own records. "It is not the law that facts essential to a judgment can only be established by the testimony of witnesses, by exhibits introduced into evidence, or by a stipulation of the parties; they can also be established by judicial notice." *State v. Smith*, 73 N.C. App. 637, 638, 327 S.E.2d 44, 45-46 (1985); *see also* Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 26 (5th ed. 1998) (stating that "there seems little reason why a court should not notice its own records in any prior or contemporary case when the matter noticed has relevance"). We conclude that the trial court could properly take judicial notice of Case Number 97 CVS 586, and thus there was competent evidence before the trial court in the instant case to support its finding that the Howard Gap Road right-of-way was 39.37 feet wide. We overrule plaintiffs' first assignment of error.

[3] Plaintiffs further assign as error the trial court's conclusion that the construction of a water line was a proper use of the right-of-way. Plaintiffs contend that the installation of the water line "increased the servitude" of plaintiffs' property by making greater use of the

premises than was contemplated by the purpose for which the right-of-way was created. We disagree.

As stated *supra*, plaintiffs do not contest the fact that Howard Gap Road is a public highway, and as such, subject to the control and authority of the DOT. *See* N.C. Gen. Stat. § 136-18 (1999). Moreover, we have determined that the trial court properly concluded that a right-of-way existed in favor of DOT, and that it extended 39.37 feet wide. The right-of-way encroachment agreement between DOT and defendants provides for the installation of the water line within the "right-of-way of the public road." Thus, pursuant to the encroachment agreement, defendants obtained a valid right to encroach upon the Howard Gap Road right-of-way. A water line is a proper use of a right-of-way within the dedication of Howard Gap Road to public use. *See* N.C. Gen. Stat. § 136-18(10) (1999); *Watkins v. Lambe-Young, Inc.*, 37 N.C. App. 30, 32, 245 S.E.2d 202, 204 (1978). Thus, the trial court did not err in concluding that the installation of a water line was a proper use of the Howard Gap Road right-of-way. Accordingly, we overrule plaintiffs' second assignment of error.

By their final assignment of error, plaintiffs argue that the trial court erred in concluding that plaintiffs suffered no damages as a result of defendants' continuing trespass upon their property. We have determined, however, that the trial court properly concluded that defendants did not trespass when they installed the water line within the right-of-way. As defendants committed no trespass upon plaintiffs' property, plaintiffs have failed to show that defendants' actions have injured them. We therefore overrule plaintiffs' final assignment of error.

The judgment of the trial court is hereby

Affirmed.

Judges MARTIN and BRYANT concur.