LARRY RUSSELL LANE, AND JULIA ANN CHAMBERS LANE, PLAINTIFFS V.
WINN-DIXIE CHARLOTTE, INC., DEFENDANT

No. COA04-709

(Filed 15 March 2005)

## 1. Pleadings— motions to dismiss—particularity—grounds for relief

Defendant's N.C.G.S. § 1A-1, Rule 12(b)(4) and (b)(5) motions *to dismiss were stated with sufficient particularity as to the grounds alleged and sufficiently set forth the relief sought. Defendant's motion to dismiss cited Rule 12(b)(4) and 12(b)(5), specified that plaintiffs failed to properly serve the defendant, and specified that the process issued by the plaintiffs was not proper.*

## 2. Pleadings— motion to dismiss—affidavit not attached

Plaintiffs did not show an abuse of discretion in the trial court's refusal to strike an affidavit by a mailroom employee who received service of process where defendant filed the affidavit in support of its motion to dismiss. By postponing the hearing on the motion, the trial court cured any prejudice caused by defendant's failure to serve the affidavit with its motion to dismiss.

## 3. Pleadings— motion to dismiss—underlying grounds

Defendant's motion to dismiss was not a nullity and the defenses contained therein were not waived where plaintiff's arguments were decided in defendant's favor elsewhere in this opinion.

## 4. Process and Service— summons—failure to designate person to receive for corporation

A summons was defective on its face and a presumption of service would not exist even upon a showing that the item was received by registered mail. Plaintiffs failed to designate any person authorized by N.C.G.S. § 1A-1, Rule 4 (j)(6) to be served on behalf of the corporate defendant.

**LANE v. WINN-DIXIE CHARLOTTE, INC.**

[169 N.C. App. 180 (2005)]

Appeal by plaintiffs from order signed 23 March 2004 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 January 2005.

*Tania L. Leon, P.A., by Tania L. Leon, for plaintiffs.*

*Templeton & Raynor, P.A., by Carrie H. O'Brien and Kenneth R. Raynor, for defendant.*

BRYANT, Judge.

Larry Russell Lane and Julia Ann Chambers Lane (plaintiffs) appeal an order signed 23 March 2004, granting Winn-Dixie Charlotte, Inc.'s (defendant's) motion to dismiss the complaint pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(4) and 12(b)(5).

Plaintiffs filed their complaint on 13 November 2002, alleging that plaintiff-husband sustained injuries on 8 December 1999, when he fell on defendant's premises. A summons was issued naming Winn-Dixie Charlotte, Inc. as defendant, and was addressed to 2401 Nevada Boulevard, Charlotte, North Carolina 28273. The summons failed to designate any person authorized to be served on behalf of the corporation. On 17 December 2002, plaintiffs filed an affidavit of completed service, attaching a copy of a signed postal receipt, showing service on Winn-Dixie mailroom employee Henry Cannon (Cannon) on 18 November 2002. The statute of limitations in this case expired 8 December 2002; however, defendant's answer was not due until 15 December 2002. Defendant was granted an extension of time through 15 January 2003 to answer the pleadings.

On 2 January 2003, defendant filed a motion to dismiss in addition to its answer. In its motion to dismiss, defendant affirmatively plead Rule 12(b)(4) and 12(b)(5) defenses. On or about 13 August 2003, defendant filed its first notice of motion. Defendant subsequently filed an amended notice of motion on 18 August 2003. On 23 September 2003, defendant filed the affidavit of Cannon in support of its motion to dismiss. Plaintiffs thereafter filed a motion to strike the affidavit of Cannon.

Plaintiffs' motion to strike the affidavit of Cannon and defendant's motion to dismiss came for hearing at the 4 March 2004 civil session of Mecklenburg County Superior Court with the Honorable Richard D. Boner presiding.

By order signed 23 March 2004, the trial court denied plaintiffs' motion to strike and granted defendant's motion to dismiss. Plaintiffs gave timely notice of appeal.

---

The issues on appeal are whether the trial court erred by: (I) granting defendant's motion to dismiss as defendant failed to state with particularity the grounds for dismissal as required by Rule 7(b)(1); (II) denying plaintiffs' motion to strike defendant's affidavit of Cannon as Rule 6(d) required that the affidavit be filed with the motion to dismiss; (III) granting defendant's motion to dismiss as the defenses asserted in the motion were waived pursuant to Rule 12(h)(1); and (IV) granting defendant's motion to dismiss as defendant failed to rebut the presumption of completed service established pursuant to N.C. Gen. Stat. § 1-75.10(4).

I

**[1]** Plaintiffs first argue that the trial court erred by granting defendant's Rule 12(b)(4) and 12(b)(5) motion to dismiss as defendant failed to state with particularity the grounds for dismissal as required by Rule 7(b)(1).

N.C. Gen. Stat. § 1A-1, Rule 7(b)(1) states: "An application to the court for an order shall be by motion[,] . . . shall be made in writing, *shall state with particularity the grounds therefor, and shall set forth the relief or order sought.*" N.C.G.S. § 1A-1, Rule 7(b)(1) (2003) (emphasis added). Rule 7(b)(1) was amended effective 1 October 2000 to add the words "with particularity." *Id.*

The comments to Rule 7(b)(1) states:

The 2000 amendment conforms the North Carolina rule to federal Rule 7(b). The federal courts do not apply the particularity requirement as a procedural technicality to deny otherwise meritorious motions. Rather, the federal courts apply the rule to protect parties from prejudice, to assure that opposing parties can comprehend the basis for the motion and have a fair opportunity to respond.

*Id.*

Rule 12(b)(4) and 12(b)(5) of the North Carolina Rules of Civil Procedure reads:

(b) How Presented.—Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim,

or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . .

(4) Insufficiency of process,

(5) Insufficiency of service of process[.]

N.C.G.S. § 1A-1, Rule 12 (2003).

Here, defendant's 2 January 2003 motion to dismiss stated:

Now comes the Defendant, pursuant to Rule 12(b)(5) of the North Carolina Rules of Civil Procedure to dismiss the Plaintiff[s'] Complaint on the grounds of insufficiency of service of process and shows unto the Court that the Plaintiff[s have] failed to properly serve the Defendant, and the Plaintiff[s'] Complaint should be dismissed.

. . .

Now comes the Defendant, pursuant to Rule 12 (b)(4) of the North Carolina Rules of Civil Procedure to dismiss the Plaintiff[s'] Complaint on the grounds of insufficiency of process and shows unto the Court that the process issued by the Plaintiff[s] in this case was not proper and it did not properly provide for the service of process on the corporate entity.

Defendant's motion to dismiss cited Rule 12(b)(4) and 12(b)(5), and specified that "Plaintiff[s have] failed to properly serve the Defendant" and that "the process issued by the Plaintiff[s] in this case was not proper and it did not properly provide for service of process on the corporate entity." In addition, the motion specifically stated the relief requested: to wit, that plaintiffs' complaint should be dismissed.

We hold that defendant's Rule 12(b)(4) and 12(b)(5) motion to dismiss was stated with sufficient particularity as to the grounds alleged, and sufficiently set forth the relief sought. This assignment of error is overruled.

## II

**[2]** Plaintiffs next argue that the trial court erred by denying plaintiffs' motion to strike defendant's affidavit of Cannon as Rule 6(d) required that the affidavit be filed with the motion to dismiss.

Rule 6(d) of the North Carolina Rules of Civil Procedure provides:

> A written motion . . . and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing . . . . When a motion is supported by affidavit, the affidavit shall be served with the motion . . . . If the opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, proceed with the matter without considering the untimely served affidavit, or take such other action as the ends of justice require.

N.C.G.S. § 1A-1, Rule 6(d) (2003). Pursuant to Rule 6(d), the trial court is empowered with discretion as whether to allow affidavits to be filed subsequent to the filing of a motion. *Rockingham Square Shopping Center, Inc. v. Integon Life Ins. Corp.*, 52 App. 633, 641, 279 S.E.2d 918, 924 (1981) (stating that Rule 6(b) and (d) provides the trial court with discretion to allow the late filing of affidavits). Accordingly, this Court will review the trial court's ruling on the motion to strike the affidavit for abuse of discretion. *See Barnhill Sanitation Service v. Gaston County*, 87 N.C. App. 532, 536, 362 S.E.2d 161, 164 (1987).

In the instant case, defendant filed its first motion to dismiss on 13 August 2003, and a hearing was scheduled for 7 October 2003. Defendant filed an amended notice to dismiss on 18 September 2003, and a hearing was scheduled for 9 October 2003. Defendant then served Cannon's affidavit on 23 September 2003, in support of its motion to dismiss—sixteen days before the scheduled hearing date. The trial court continued the hearing to allow plaintiffs adequate time to take any necessary depositions to oppose defendant's motion to dismiss.

Plaintiffs noticed the deposition of Joel Barton, Division Manager of Winn-Dixie, for 22 January 2004, and the deposition took place on 23 January 2004. The hearing on the motion to dismiss was held on 4 March 2004, approximately five months after defendant served plaintiffs with Cannon's affidavit.

From the record, it is clear that defendant's motion to dismiss was heard and ruled upon only after plaintiffs were afforded a reasonable opportunity to present pertinent material necessary to

**LANE v. WINN-DIXIE CHARLOTTE, INC.**

[169 N.C. App. 180 (2005)]

oppose defendant's motion. By postponing the hearing, the trial court cured any prejudice which plaintiffs contend was caused by defendant's failure to serve Cannon's affidavit with its motion to dismiss. Plaintiffs have failed to show abuse of discretion in the trial court's decision to deny plaintiffs' request to strike Cannon's affidavit. This assignment of error is overruled.

## III

**[3]** Plaintiffs next argue that the trial court erred by granting defendant's Rule 12(b)(4) and 12(b)(5) motion to dismiss as, absent either the particularity requirement of Rule 7(b)(1) or an accompanying affidavit pursuant to Rule 6(d), defendant's motion to dismiss was a nullity and the defenses asserted therein were waived pursuant to Rule 12(h)(1).

Pursuant to Rule 12(h)(1) of the North Carolina Rules of Civil Procedure, defenses arising under Rule 12(b)(4) and 12(b)(5) must be affirmatively plead in a party's responsive pleadings, or are deemed thereafter waived. This Court has held *supra* Issues I & II, that defendant's motion to dismiss met the particularity requirement of Rule 7(b)(1), and the trial court did not abuse its discretion in denying plaintiffs' motion to strike Cannon's affidavit for defendant's failure to comply with Rule 6(d). Accordingly, we hold that defendant's motion to dismiss was not a nullity and the defenses contained therein were not waived pursuant to Rule 12(h)(1). This assignment of error is overruled.

## IV

**[4]** Plaintiffs lastly argue that the trial court erred by granting defendant's Rule 12(b)(4) and 12(b)(5) motion to dismiss as defendant failed to rebut the presumption of completed service established pursuant to N.C. Gen. Stat. § 1-75.10(4).

Rule 4(j)(6) of the North Carolina Rules of Civil Procedure provides:

Domestic or Foreign Corporation.—Upon a domestic or foreign corporation by one of the following:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C.G.S. § 1A-1, Rule 4(j)(6) (2003).

N.C. Gen. Stat. § 1-75.10 states:

Where the defendant appears in the action and challenges the service of the summons upon him, proof of the service of process shall be as follows:

. . .

(4) Service by Registered or Certified Mail.—In the case of service by registered or certified mail, by affidavit of the serving party averring:

a. That a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;

b. That it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and

c. That the genuine receipt or other evidence of delivery is attached.

N.C.G.S. § 1-75.10 (2003).

Plaintiffs argue that it is well established that plaintiffs' affidavit of completed service, together with the return receipt signed by the person who received the mail, if not the addressee, in accordance with N.C. Gen. Stat. § 1-75.10(4), raises a presumption that the person who received the mail and signed the receipt was an agent of the

addressee authorized by appointment or by law to be served or to accept service of process.

A review of the summons demonstrates that plaintiffs failed to designate *any* person authorized by Rule 4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face.

Thus, as the summons was defective on its face, a presumption of service would not exist even upon a showing that the item was received by registered mail. This assignment of error is overruled.

Affirmed.

Judges HUNTER and JACKSON concur.