KEITH JOSEPH STOCUM, JR. AND CYNTHIA IVEY STOCUM, PLAINTIFFS v. WARD SAYRE OAKLEY, JR., M.D., AND PINEHURST SURGICAL CLINIC, P.A., DEFENDANTS

No. COA06-957

(Filed 7 August 2007)

**1. Evidence— judicial notice—records of prior case**

The trial court did not err by considering unverified documents in the court file from a prior action between these two parties in support of a motion to dismiss. Trial courts may take judicial notice of their own records.

**2. Appeal and Error— multiple grounds for dismissal by trial court—one not challenged—all considered**

Dismissals for violations of N.C.G.S. § 1A-1, Rule 4(a) are entered pursuant to Rule 41(b); because plaintiffs challenged the dismissal of their case pursuant to Rules 11 and 41, the merits of their case were heard even though they made no argument regarding their dismissal under Rule 4, which the trial judge had stated was a sufficient and independent ground to dismiss.

**3. Pleadings— Rule 11 sanctions—action refiled after voluntary dismissal consideration of prior action**

A voluntary dismissal may not be taken in bad faith, and will not deprive the trial court of jurisdiction to consider collateral issues such as sanctions under Rule 11. However, a motion for Rule 11 sanctions must be filed within a reasonable time, and defendants' motion to dismiss as a Rule 11 sanction was filed within a reasonable time where defendants filed one motion before plaintiffs took a voluntary dismissal of their action, and defendants filed a second motion upon plaintiffs' refiling of their complaint.

**4. Pleadings— Rule 11 sanctions—prejudice not required**

In a case in involving Rule 11 sanctions, plaintiffs cited no authority requiring prejudice before sanctions could be granted; in fact, some degree of sanction is mandatory upon finding a Rule 11 violation. Moreover, the trial court in this case had competent evidence from which it made its finding.

## 5. Pleadings— Rule 11 sanctions—estoppel

Plaintiffs did not cite authority discussing the use of estoppel in a Rule 11 motion; in fact, Rule 11 sanctions must be imposed when a trial court finds grounds for sanctions.

## 6. Pleadings— Rule 11 sanctions—effect of voluntary dismissal

Plaintiffs' arguments that a Rule 41(a) voluntary dismissal wipes the slate clean of sanctionable conduct was rejected where the trial court found that the Rules of Civil Procedure were violated for the purpose of delay and to gain an unfair advantage.

## 7. Pleadings— Rule 11 sanctions—dismissal

In light of the trial court's findings, it could not be said that the trial court abused its discretion in determining that dismissal was appropriate as a Rule 11 sanction where the court considered less severe sanctions and there was competent evidence to support the court's findings.

Appeal by plaintiffs from an order entered 6 February 2006 by Judge James M. Webb in Moore County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Troutman Sanders LLP, by Gary S. Parsons and Gavin B. Parsons; Crisp, Page & Currin, L.L.P., by Cynthia M. Currin, for plaintiff-appellants.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Deanna Davis Anderson, for defendant-appellees.*

HUNTER, Judge.

This cause of action arose after Dr. Ward Sayre Oakley, Jr., who was employed by Pinehurst Surgical Clinic, P.A., performed surgery on Keith Stocum, Jr. Keith Stocum, Jr. and Cynthia Stocum ("plaintiffs") sued Pinehurst and Dr. Oakley ("defendants") for bodily injuries and loss of consortium. Plaintiffs also asserted claims for *res ipsa loquitur*, a claim for foreign object left in a body, and constructive fraud. Plaintiffs appeal from an order dismissing their complaint. After careful consideration, we affirm.

Plaintiffs filed their first complaint against defendants on 1 October 2002. Summonses were issued to defendants on 1 October 2002 but were never served upon any defendant. Alias and pluries

summons were also issued to all defendants on 20 December 2002, 17 March 2003, 5 June 2003, and 22 July 2003. No attempt, however, was ever made to serve any of the summonses or the complaint upon any defendant.

One year after filing the original complaint, plaintiffs filed an amended complaint pursuant to North Carolina Rule of Civil Procedure (hereafter "Rule") 15(a). The amended complaint made substantive changes in the allegations and added claims for breach of fiduciary duty, constructive fraud, and punitive damages. No attempt was made to serve the amended complaint.

Plaintiffs issued more alias and pluries summonses on 6 October 2003, 31 December 2003, and 24 March 2004. Again, there was no attempt to serve any of the summonses or the amended complaint on any defendant. On 21 June 2004, a ninth set of alias and pluries summonses were issued.

On 22 July 2004, Pinehurst Surgical, one of the defendants, received an order for mediated settlement conference directly from Moore County Superior Court, dated 12 July 2004. This was the first notice that any defendant had received that a lawsuit had been filed against them.

Although no discovery had occurred, plaintiffs' trial counsel, Cynthia M. Currin, signed a letter to the trial court coordinator stating that "[w]e are still in the discovery stages of this case[,]" and asked to have the case removed from the calendar. Plaintiffs' counsel sent a different letter three days later stating that "[p]arties are still involved in discovery" and asked for "additional time to complete discovery prior to mediation and trial." Between 9 August 2004 and 23 August 2004 all defendants were served. All of the prior summonses issued to the various defendants listed each of their correct address.

After defendants received notice of the lawsuit pending against them, they filed a motion to dismiss. Both parties acknowledge that the motion to dismiss was based on alleged violations of Rules 4 and 41 for failure to timely serve notice of the lawsuit and for failure to prosecute the action. Defendants also asserted that plaintiffs' cause of action should be dismissed because of a purported violation of Rule 11 after plaintiffs' counsel represented to the trial court that discovery was ongoing. The hearing on the motion was scheduled for 18 October 2004. Plaintiffs' counsel, however, filed a notice of voluntary

dismissal without prejudice pursuant to Rule 41(a) on 14 October 2004. Thus, the motion to dismiss was never heard.

Plaintiffs then filed the present action on 11 October 2005, within one year of taking the voluntary dismissal. Defendants served a joint motion to dismiss and a motion for a protective order based on the same grounds as their first motion to dismiss. On 6 February 2006, the trial court entered an order granting the motion to dismiss with prejudice.

The motion to dismiss was granted based on violations of Rules 4, 11, and 41. Specifically, the trial court made the following conclusions of law:

6. Plaintiffs' counsel . . . violated Rule 11 of the North Carolina Rules of Civil Procedure when she signed the July 26, 2004 letter . . . and the July 29, 2004 Motion and Order Extending Completion Date for Mediation. At the time these documents were signed, Plaintiffs had made no attempt to serve process on any Defendant, despite the issuance [of] nine Summonses to each Defendant. In this context, Plaintiffs' counsel could not reasonably have believed that her representations to this Court ("We are still in the discovery stages of this case." "Parties still involved in discovery. Need additional time to complete discovery prior to mediation and trial.") were well grounded in fact. Instead, the July 26 2004 letter and the July 29, 2004 Motion were interposed for the improper purposes of causing further unnecessary delay and misleading the Court as to the status of the case. This Court has considered less drastic sanctions, but finds in its discretion that, under the circumstances set forth herein, no lesser sanction, other than dismissal with prejudice, would better serve the interests of justice in this case. For this reason, independent of other violations set forth herein, Defendants' Motions to Dismiss are granted.

7. Plaintiffs violated Rule 4 of the North Carolina Rules of Civil Procedure when Plaintiffs failed to deliver any Complaint or Summons to some proper person for service from October of 2002 until August of 2004. Plaintiffs' violation of Rule 4 in the manner set forth herein was willful and intentional and was, on its face, bad faith, with the intent and purpose to delay and in order to gain an unfair advantage over the Defendants. There is no good faith reason or excuse for the delay in obtaining service of process for 22 months or for why service was not attempted

prior to August of 2004. Each time Plaintiffs had a Summons issued, Plaintiffs failed to effectuate service. Plaintiffs were in possession of the correct addresses for Defendants. Defendants were readily available to be served and could have been easily served, had Plaintiffs made an attempt to do so. This Court has considered less drastic sanctions, but finds in its discretion that, under the circumstances set forth herein, no lesser sanction, other than dismissal with prejudice, would better serve the interests of justice in this case. For this reason, independent of other violations set forth herein, Defendants' Motions to Dismiss are granted.

8. Plaintiffs violated Rule 41 when Plaintiffs failed to prosecute their action by failing to deliver any Complaint or Summons to a proper person for service from October of 2002 until August of 2004 and when Plaintiffs caused further unnecessary delay by misleading the Court as to the status of the case in the July 26, 2004 letter and the July 29, 2004 Motion. This failure manifested an intention to thwart the progress of Plaintiffs' action to its conclusion by engaging in a delaying tactic. This Court has considered less drastic sanctions, but finds in its discretion that, under the circumstances set forth herein, no lesser sanction, other than dismissal with prejudice, would better serve the interests of justice in this case. For this reason, independent of other violations set forth herein, Defendants' Motions to Dismiss are granted.

There are two issues in this case: (1) whether the trial court considered incompetent evidence in determining to dismiss plaintiffs' claim; and (2) whether the trial court properly dismissed plaintiffs' claim pursuant to Rules 4, 11, and 41 of the North Carolina Rules of Civil Procedure.

I.

[1] Plaintiffs argue that the trial court considered incompetent evidence when ruling on defendants' motion to dismiss. We disagree. Errors assigned pursuant to Rule 6 are reviewed for abuse of discretion. *Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 184, 609 S.E.2d 456, 459 (2005). In relevant part, Rule 6(d) provides: "When a motion is supported by affidavit, the affidavit shall be served with the motion; and except as otherwise provided in Rule 59(c), opposing affidavits shall be served at least two days before the hearing." N.C. Gen. Stat. § 1A-1, Rule 6(d) (2005). Under this Rule, the trial court has discretion as to "whether to allow affidavits to be filed subsequent to

the filing of a motion." *Lane*, 169 N.C. App. at 184, 609 S.E.2d at 458 (citing *Rockingham Square Shopping Center, Inc. v. Integon Life Ins. Corp.*, 52 N.C. App. 633, 641, 279 S.E2d 918, 924 (1981)).

Here, defendants filed one affidavit and unverified documents in support of their motion to dismiss two days before the scheduled hearing. The affidavit was not considered by the trial court in support of its motion to dismiss. The remaining documents consisted of the court file from the prior action between the two parties before plaintiffs took the voluntary dismissal. Included in the file were the nine alias and pluries summonses, the complaint, the amended complaint, and the letters drafted from plaintiffs' counsel to the trial court. Consequently, we limit our discussion, as do the parties, to the issue of whether the trial court could take judicial notice of unverified documents in ruling on a motion to dismiss. Plaintiffs contend that even unverified documents must comply with Rule 6(d). We disagree.

Facts essential to a judgment are not limited to testimony of witnesses, exhibits introduced into evidence, or by stipulation of parties. *Mason v. Town of Fletcher*, 149 N.C. App. 636, 640, 561 S.E.2d 524, 527, *disc. review denied*, 355 N.C. 492, 563 S.E.2d 570 (2002). Trial courts may properly take judicial notice of "its own records in any prior or contemporary case when the matter noticed has relevance." Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 26 (5th ed. 1998) (footnote omitted) (cited with approval by *Mason*, 149 N.C. App. at 640, 561 S.E.2d at 527).

In *Mason*, this Court held that the trial court properly took judicial notice of another case between the parties in the same court. *Mason*, 149 N.C. App. at 640, 561 S.E.2d at 527. This Court noted that the appellant made no request for an opportunity to be heard regarding the taking of judicial notice, nor did they argue on appeal that the trial court could not properly take judicial notice of its own records. *Id.*

As in *Mason*, the trial court in this case took judicial notice of a prior case between the parties that had occurred in the same court. Plaintiffs in this case, like defendant's in *Mason*, made no request to be heard as to the propriety of taking judicial notice. Plaintiffs in the instant case also fail to argue that the trial court erred in taking judicial notice of the prior action. Finally, we note that plaintiffs' contention that these documents were " 'spr[u]ng' " upon them is without merit as they were in possession of and had drafted them. Therefore,

we hold that the trial court did not consider incompetent evidence when ruling on defendant's motion to dismiss.

## II.

**[2]** Plaintiffs next argue that the trial court erred in granting defendants' motion to dismiss. We disagree. The trial court dismissed plaintiffs claim pursuant to Rules 4, 11, and 41 of the North Carolina Rules of Civil Procedure. We review the imposition of sanctions *de novo*, "but the choice of sanction is reviewable under an abuse of discretion standard." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 195, 511 S.E.2d 31, 33 (1999). Plaintiffs argue that any alleged errors by plaintiffs in the prior action cannot be considered in the present case. We disagree.

In dismissing plaintiffs' cause of action under Rule 4, the trial court stated that plaintiffs' violation of Rule 4 was a sufficient and independent ground to dismiss. Plaintiffs, however, only argue in their brief that the trial court erred in dismissing the case pursuant to Rules 11 and 41. They make no argument with regards to the dismissal pursuant to Rule 4. Normally, when there is no argument or supporting authority in a brief, the assignment of error is taken as abandoned and dismissed. *See State v. Elliott*, 360 N.C. 400, 427, 628 S.E.2d 735, 753 (2006); N.C.R. App. P. 28(b)(6). Dismissals for violations of Rule 4(a), however, are entered pursuant to Rule 41(b). *Smith v. Quinn*, 324 N.C. 316, 318, 378 S.E.2d 28, 30 (1989). Because plaintiffs challenge Rule 41(b) in this appeal we address the merits of this issue.

## A.

**[3]** As to the dismissal based on alleged Rule 11 violations, plaintiffs argue that any of the purported violations occurred before plaintiffs moved for voluntary dismissal under Rule 41(a), and as such, those violations are wholly irrelevant to the current action. We disagree. Plaintiffs correctly state the general rule that when a party has earlier taken a voluntary dismissal, refiling the action begins the case anew. *Tompkins v. Log Systems, Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *disc. review denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). It is "as if the suit had never been filed." *Id.*

The rule, however, is not as absolute as plaintiffs contend. A voluntary dismissal may not be taken in bad faith, *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 597, 528 S.E.2d 568, 573 (2000), nor will "[d]ismissal . . . deprive the [trial] court of jurisdiction to con-

sider collateral issues such as sanctions that require consideration after the action has been terminated." *Bryson v. Sullivan*, 330 N.C. 644, 653, 412 S.E.2d 327, 331 (1992); *see also Renner v. Hawk*, 125 N.C. App. 483, 481 S.E.2d 370, *disc. review denied*, 346 N.C. 283, 487 S.E.2d 553 (1997).

In both *Renner* and *Bryson*, however, neither this Court nor the Supreme Court were considering sanctions imposed in a refiled action. Rather, the sanctions were brought after the voluntary dismissal and each court held that a motion for sanctions need not be brought before the action is dismissed. *See Renner*, 125 N.C. App. at 488, 481 S.E.2d at 373. Plaintiffs argue this distinction demands a different result. For the following reasons, we find this distinction unimportant, and plaintiffs' argument to the contrary unpersuasive.

"Neither Rule 11 nor Rule 41 of the North Carolina Rules of Civil Procedure contains explicit time limits for filing Rule 11 sanctions motions." *Id.* at 491, 481 S.E.2d at 374. That said, " 'a party should make a Rule 11 motion within a reasonable time' after he discovers an alleged impropriety." *Id.* (citation omitted); *see also Griffin v. Sweet*, 136 N.C. App. 762, 765, 525 S.E.2d 504, 506 (2000). Whether a Rule 11 motion is filed within a reasonable time is reviewed *de novo*, under an objective standard. *Static Control Components, Inc. v. Vogler*, 152 N.C. App. 599, 607, 568 S.E.2d 305, 311 (2002).

Plaintiffs argue that defendants did not make their Rule 11 motion until fourteen months after defendants received notice of suit and should be barred, as a matter of law, from seeking sanctions. Defendants counter that they filed their first Rule 11 motion just over a month after becoming aware of the alleged violations, and as such, should not be barred from seeking the sanctions in a later proceeding.

Plaintiffs rely on *Griffin* in support of their argument. In *Griffin*, this Court held that a Rule 11 motion was untimely where the movant delayed filing for thirteen months after the Supreme Court of North Carolina had denied defendant's petition for discretionary review, and there was no activity in the case in the interim. *Griffin*, 136 N.C. App. at 765-66, 525 S.E.2d at 506-07. *Griffin*, however, is distinguishable from the instant case.

Here, there have been two motions for sanctions. The first came before plaintiffs took a voluntary motion to dismiss and the second upon plaintiffs' refiling the claim. Under these circumstances, plaintiffs' attorney was aware that sanctions could be imposed long before

the attorneys in *Griffin*. Also unlike *Griffin*, plaintiffs in this case refiled their complaint which led to defendants' filing their motion for dismissal. This is not a case where defendants sought to impose sanctions long after the litigation between the parties had been conclusively resolved. Instead, when plaintiffs dismissed their case they effectuated the relief defendants were seeking, giving defendants little or no reason to pursue a motion to dismiss. *See Dickerson Carolina, Inc. v. Harrelson*, 114 N.C. App. 693, 697, 443 S.E.2d 127, 131, *appeal dismissed and disc. review denied*, 337 N.C. 691, 448 S.E.2d 520 (1994) (holding that when it develops that the relief sought has been granted the case should not be pursued). Under these circumstances, we conclude that defendants' motion to dismiss was filed within a reasonable time.

[4] Plaintiffs' next argument is that there was no competent evidence from which the trial court could have concluded that there was prejudice. Plaintiffs cite no authority in which a finding of prejudice is required before granting sanctions under Rule 11. Instead, plaintiffs argue that this Court's decision in *O'Neal Construction, Inc. v. Leonard S. Gibbs Grading*, 121 N.C. App. 577, 468 S.E.2d 248 (1996), is controlling. In *Gibbs Grading*, this Court reversed a trial court's denial of a motion to compel arbitration and did not address the trial court's denial of sanctions because no findings of fact or conclusions of law were made by the trial court. *Id.* This Court only addressed prejudice in that portion of *Gibbs Grading* relating to the arbitration, and not the denial of sanctions. *Id.* We also note that upon a finding of a violation of Rule 11(a), some degree of sanction is mandatory. *Melton v. Stamm*, 138 N.C. App. 314, 315-16, 530 S.E.2d 622, 624 (2000), *disc. review denied*, 353 N.C. 377, 547 S.E.2d 12 (2001). Moreover, given the delay between the filing of the original action and the second action, the trial court had competent evidence from which it made its finding of prejudice. Plaintiffs' argument on this issue is without merit.

[5] Plaintiffs' final argument relating to Rule 11 is that defendants' conduct estops them from seeking sanctions. We disagree. Plaintiffs have again failed to cite authority in which any court in this state or another jurisdiction has even discussed the use of estoppel in relation to a Rule 11 motion. The purpose of Rule 11 is to reduce the reluctance of courts to impose sanctions. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Accordingly, where a trial court finds "grounds for imposing sanctions exist, Rule 11 requires the court to impose sanctions." *Overcash v. Blue Cross and Blue*

*Shield*, 94 N.C. App. 602, 617, 381 S.E.2d 330, 340 (1989). Thus, in the instant case, where the trial court found grounds to sanction plaintiffs it was required to do so. Plaintiffs' argument on this point is without merit. Thus, we affirm the trial court's ruling to dismiss plaintiffs' claims pursuant to Rule 11.

## B.

**[6]** Plaintiffs argue the taking of a voluntary dismissal in the first action bars defendants from moving to impose sanctions in the refiled action under Rule 41(b). We disagree. Under Rule 41(b) a case may be involuntarily dismissed "[f]or failure of the plaintiff to prosecute or to comply with" the Rules of Civil Procedure "or any order of court[.]" N.C. Gen. Stat. § 1A-1, Rule 41(b) (2005). As stated above, voluntary dismissal does not deprive a trial court from imposing sanctions. *Renner*, 125 N.C. App. at 489, 481 S.E.2d at 373. Additionally, voluntary dismissals must be taken in good faith and with the intent to pursue the action. *Estrada v. Burnham*, 316 N.C. 318, 323, 341 S.E.2d 538, 542 (1986). Here, the trial court made a conclusion of law that plaintiffs' initial complaint was not filed in good faith and was not filed with the intent to prosecute under Rule 41(b). Further, when "the Rules of Civil Procedure are violated for the purpose of delay or gaining an unfair advantage, dismissal of the action is an appropriate remedy." *Smith v. Quinn*, 324 N.C. at 318-19, 378 S.E.2d at 30. Here, the trial court found that the rules violation was for the purpose of delay and to gain an unfair advantage. Consequently, we reject plaintiffs' arguments that a Rule 41(a) voluntary dismissal wipes the slate clean of any passed sanctionable conduct.

Plaintiffs next argue that the motion to dismiss pursuant to Rule 41(b) was not filed within a reasonable time. We disagree for the reasons set out above with regards to our discussion of Rule 11, and hold that defendants filed their motion to dismiss pursuant to Rule 41(b) within a reasonable time. Plaintiffs also argue that the trial court did not find, nor was there any evidence that defendants were prejudiced. As stated above, there is no such requirement before sanctions may be imposed. This argument is similarly rejected. Also rejected for the reasons discussed in the section above is plaintiffs' contention that defendants are estopped from seeking sanctions against them.

**[7]** Plaintiffs' final argument is that the trial court did not find any facts, nor did defendants offer facts, to support its conclusion that no sanction short of dismissal would suffice. We disagree and review this assignment of error for an abuse of discretion. *Page v. Mandel*,

154 N.C. App. 94, 99, 571 S.E.2d 635, 638 (2002). Under Rule 41(b), " 'dismissal is the most severe sanction available' and should only be imposed 'when lesser sanctions are not appropriate to remedy' the situation." *Id.* (quoting *Wilder v. Wilder*, 146 N.C. App. 574, 575-76, 553 S.E.2d 425, 426-27 (2001)).

In support of its conclusion that dismissal was appropriate, the trial court made findings of fact that: (1) plaintiffs made no effort to notify defendants about the complaint as late as twenty months after it was filed; (2) the trial court actually notified the defendants; (3) plaintiffs' trial counsel signed a letter to the trial court stating that the parties were "still in the discovery stages of this case" when in fact there had been no attempt to serve any defendant; (4) plaintiffs' counsel sent a second letter to the trial court that the parties were still in discovery, when in fact there had been no attempt to serve any defendant; (5) plaintiffs failed to show any reason or excuse for the delay in obtaining service of process and offered no good faith reason why service was not attempted sooner; and (6) of the twenty-eight summonses issued to the three defendants in this case, none were delivered until nearly two years after the complaint was filed, yet all twenty-eight summonses listed the correct address for each defendant. In light of these findings, we cannot say that the trial court abused its discretion in determining that dismissal was appropriate. This is especially true where the trial court considered less severe sanctions.

Plaintiffs' argument that these findings are not supported by evidence presented by defendants is similarly without merit. Defendants presented, *inter alia*, the following to the trial court when moving for the motion to dismiss: (1) the complaint and all summonses issued in the prior action; (2) the trial court's correspondence with defendants alerting them that an action had been filed against them; and (3) plaintiffs' counsel's letters to the trial court stating that the trial was still in discovery stages. This is competent evidence to support the trial court's findings of fact and we cannot say that the trial court abused its discretion in dismissing plaintiffs' complaint.

III.

In summary, we hold that the trial court did not rely on incompetent evidence in dismissing plaintiffs' claim and that defendants' motion for sanctions was filed within a reasonable time. We also reject plaintiffs' remaining arguments as it relates to Rule 41. Accordingly, the ruling of the trial court is affirmed.

Affirmed.

Judges TYSON and JACKSON concur.