DEBRA DIANE BURRESS, Plaintiff v. GARY DANIEL BURRESS, Defendant

No. COA08-660

(Filed 17 February 2009)

**Domestic Violence— protective order—insufficient evidence**

The trial court erred by issuing a Domestic Violence Protective Order (DVPO) where there was no competent evidence that defendant caused or attempted to cause bodily injury or committed any sex offense against a minor child in plaintiff's custody, or placed a member of plaintiff's family in fear of imminent serious bodily injury or continued harassment that rose to the level of substantial emotional distress. The fact of a DSS investigation of abuse was not relevant to whether defendant actually committed acts of domestic violence, a statement by plaintiff's son was admitted for the limited purpose of explaining plaintiff's actions and was not competent to support a finding of domestic violence, and plaintiff's testimony was not sufficient to support the court's finding of previous violence. Moreover, a DVPO is authorized only upon a showing of acts which the court may bring about a halt.

Appeal by defendant from order entered 20 February 2008 by Judge J. Gary Dellinger in Caldwell County District Court. Heard in the Court of Appeals 15 January 2009.

*No brief filed by plaintiff.*

*Wilson, Lackey & Rohr, P.C., by Timothy J. Rohr, for defendant-appellant.*

BURRESS v. BURRESS

[195 N.C. App. 447 (2009)]

STEELMAN, Judge.

Where there was no competent evidence to support the trial court's findings of domestic violence by defendant against the minor children, and where the trial court's conclusion of law regarding domestic violence by defendant against plaintiff did not support the issuance of a domestic violence protective order, the order is reversed.

## I. Factual and Procedural Background

On 13 February 2008, Debra Diane Burress ("plaintiff") filed a complaint seeking a domestic violence protective order ("DVPO") against Gary Daniel Burress ("defendant"). Defendant moved to dismiss the case both at the close of plaintiff's evidence and at the close of all the evidence, and both motions were denied by the trial court. On 20 February 2008, the trial court entered a Domestic Violence Order of Protection and Temporary Child Custody Addendum against defendant. The trial court marked the following findings on the Administrative Office of the Courts ("AOC") Form AOC-CV-306:

3. On FEB. 13, 08, the defendant

. . .

b. placed in fear of imminent serious bodily injury a member of the plaintiff's family/a member of the plaintiff's household

c. placed in fear of continued harassment that rises to such a level as to inflict substantial emotional distress a member of plaintiff's family/a member of plaintiff's household

The trial court then marked the following conclusions of law on the AOC Form:

1. The defendant has committed acts of domestic violence against the plaintiff.

2. The defendant has committed acts of domestic violence against the minor child(ren) residing with or in the custody of the plaintiff.

3. There is danger of serious and immediate injury to the minor child(ren).

Defendant appeals.

## II. Mootness

We preliminarily note that, although the DVPO issued in this case expired on 20 May 2008, defendant's appeal is not moot. *See Smith v. Smith*, 145 N.C. App. 434, 436-37, 549 S.E.2d 912, 914 (2001).

## III. Findings of Fact and Conclusions of Law

In his sole argument on appeal, defendant contends that the trial court erred in entering a Domestic Violence Order of Protection and Temporary Child Custody Addendum on the grounds that there was no competent evidence to support the trial court's findings of fact and the findings of fact did not support the trial court's conclusions of law. We agree.

### Domestic Violence Protective Order

N.C. Gen. Stat. § 50B-3 provides that a trial court shall "grant a protective order restraining the defendant from further acts of domestic violence" if the court "finds that an act of domestic violence has occurred[.]" N.C. Gen. Stat. § 50B-3(a) (2007). Domestic violence is defined as

> [T]he commission of one or more of the following acts upon an aggrieved party or upon a minor child residing with or in the custody of the aggrieved party by a person with whom the aggrieved party has or has had a personal relationship, but does not include acts of self-defense:
>
> (1) Attempting to cause bodily injury, or intentionally causing bodily injury; or
>
> (2) Placing the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury or continued harassment, as defined in G.S. 14-277.3, that rises to such a level as to inflict substantial emotional distress; or
>
> (3) Committing any act defined in G.S. 14-27.2 through G.S. 14-27.7.

N.C. Gen. Stat. § 50B-1(a) (2007).

"[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992). Where there is competent evidence to support the trial court's findings of fact, those findings

are binding on appeal. *Harris v. Harris*, 51 N.C. App. 103, 105, 275 S.E.2d 273, 275 (1981).

A review of the evidence reveals that plaintiff testified that, at the time of the hearing, the Department of Social Services ("DSS") was investigating allegations of sexual abuse against the plaintiff's minor children by defendant. There was no evidence presented regarding what any alleged investigation revealed. While the results of a DSS investigation may be relevant to the issue of domestic violence, the fact that there is an investigation is not. The director of DSS is required to investigate any report of abuse, neglect, or dependency. N.C. Gen. Stat. § 7B-302(a) (2007). This evidence was therefore not relevant to whether defendant actually committed acts of domestic violence against the minor children. *See* N.C. Gen. Stat. § 8C-1, Rule 401 (2007) (" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

Plaintiff also testified at trial that her son told her that "his dad put his private parts on his body." Defendant objected to this statement on the grounds that it was hearsay. The trial court admitted the statement for the limited purpose of explaining why plaintiff left the residence she previously shared with defendant. Thus, the statement was not admitted to prove that defendant committed the act at issue, and was not competent to support a finding of domestic violence by defendant against a member of plaintiff's family. *See* N.C. Gen. Stat. § 8C-1, Rule 801(c) (2007).

Finally, regarding any alleged domestic violence between defendant and plaintiff, the trial court made an additional handwritten finding that defendant "committed allegations in paragraph 4 of the Complaint, which are hereby incorporated by reference." Paragraph 4 of plaintiff's complaint alleged "open DSS investigation as of 2-13-08 on Jacob Ware and Daniel Burress. There has been previous domestic violence between Gary and Debra where Gary was the perpetrator."

At trial, the following exchange took place between the court and plaintiff:

Q: All right. Have you ever had to take out any domestic violence orders against your husband before?

A. No.

Q. Well, your statement says there has been previous domestic violence between Gary and Debra.

A. That was when we were first together, but I never filed anything.

Q. You never filed the papers.

A. (No audible response.)

We hold that plaintiff's testimony was insufficient to support the trial court's finding of "previous domestic violence between Gary and Debra where Gary was the perpetrator." Plaintiff did not testify that defendant was the perpetrator of any previous domestic violence, nor did she provide a description of the circumstances of any previous domestic violence to support the court's finding. Further, even assuming *arguendo* that plaintiff's testimony was competent to support the court's finding of fact, and this finding supported the court's conclusion that "[d]efendant has committed acts of domestic violence against the plaintiff," this conclusion of law does not support the issuance of a DVPO. *See Brandon v. Brandon*, 132 N.C. App. 646, 655, 513 S.E.2d 589, 595 (1999) (N.C. Gen. Stat. § 50B-3(a) authorizes a trial court to issue a DVPO only upon a showing of acts of domestic violence of which the court may "bring about a cessation.").

There was no competent evidence presented that defendant caused or attempted to cause bodily injury or committed any sex offense against a minor child in plaintiff's custody, or that defendant placed a member of plaintiff's family in fear of (1) imminent serious bodily injury or (2) continued harassment that rose to such a level as to inflict substantial emotional distress. Therefore, the trial court's conclusions of law that defendant committed acts of domestic violence against plaintiff's minor children were not supported by sufficient findings of fact, and the trial court erred in issuing the DVPO. *See id.*

We reverse and vacate the Domestic Violence Order of Protection.

In light of our holding, we need not address defendant's remaining arguments.

REVERSED AND VACATED.

Judges GEER and STEPHENS concur.