LITTLE v. LITTLE

[226 N.C. App. 499 (2013)]

DEBORAH J. LITTLE, Plaintiff
v.
CHARLIE J. LITTLE, Defendant

No. COA12-414-2

Filed 16 April 2013

**1. Evidence—plaintiff's testimony—medical diagnosis—hearsay**

In a domestic violence protection order proceeding, plaintiff's testimony that she had been diagnosed with a neck injury was hearsay that did not fall within an exception and was prejudicial.

**2. Evidence—judicial notice—uncertified criminal file**

In a domestic violence protection order proceeding, the trial court erred by taking judicial notice of an uncertified criminal file showing that defendant was convicted in the separate criminal case arising out of the alleged assault. Since the trial court specifically relied upon defendant's having been found guilty in the criminal action, it cannot be concluded that taking judicial notice of the criminal file was harmless error.

**3. Domestic Violence—protective order—remanded—renewal**

Where it was unclear whether a domestic violence protective order had been renewed, the trial court was ordered on remand to vacate the order if it had not been renewed. Defendant was entitled to a new trial if the domestic violence protective order was properly renewed.

Appeal by defendant from order entered 27 October 2011 by Judge Robert M. Wilkins in Randolph County District Court. Heard in the Court of Appeals 11 September 2012. Opinion filed 15 January 2013. Petition for rehearing granted 21 February 2013. The following opinion supersedes and replaces the opinion filed 15 January 2013.

*No brief filed on behalf of plaintiff-appellee.*

*Bell and Browne, P.A., by Charles T. Browne, for defendant-appellant.*

GEER, Judge.

Defendant Charlie J. Little appeals the trial court's entry of a domestic violence protective order in favor of plaintiff Deborah J. Little. He

primarily contends on appeal that the trial court erred in allowing Ms. Little to testify that she had been diagnosed with a cervical neck strain as a result of domestic violence. Because the testimony was inadmissible hearsay and the trial court relied upon that testimony in its order, we reverse.

## Facts

On 6 September 2011, Ms. Little filed a complaint seeking a domestic violence protective order. She alleged that defendant assaulted her on 3 September 2011 in the driveway of their residence in Trinity, North Carolina, injuring her neck. The trial court entered an ex parte domestic violence protective order on 6 September 2011 finding that Mr. Little had committed an act of domestic violence against Ms. Little and ordering, among other things, that Mr. Little remain at least 1,000 feet away from Ms. Little at all times. The trial court issued a notice of hearing on the domestic violence protective order for 15 September 2011. Mr. Little filed an answer denying the allegations of domestic violence.

After multiple continuances, the trial court held a hearing on 27 October 2011. At the hearing, the court heard testimony from Ms. Little, Mr. Little, and Deputy Eric Wilson of the Randolph County Sheriff's Department, the officer who had responded to Ms. Little's call regarding the events of 3 September 2011. During the hearing, the trial court took judicial notice of the criminal file related to the 3 September 2011 events.

At the close of the hearing, the trial court entered a domestic violence protective order (1) noting that the court had taken judicial notice of the criminal file in which "[d]efendant was found guilty on 10/10/11 of assault on female," (2) finding that defendant used his hand to attempt to choke Ms. Little resulting in neck strain, and (3) ordering, among other things, that defendant should have no contact with Ms. Little and remain at least 1,000 feet away from her at all times. The order was effective through 27 October 2012. Mr. Little timely appealed to this Court.

## Discussion

" '[W]hen the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.' " *Burress v. Burress*, 195 N.C. App. 447, 449, 672 S.E.2d 732, 734 (2009) (quoting *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)). When there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal. *Id.* at 449-50, 672 S.E.2d at 734.

**[1]** Defendant first contends on appeal that the trial court committed reversible error in admitting Ms. Little's testimony that she had been diagnosed with a cervical neck injury. Defendant contends the statement was hearsay not subject to any exception under the North Carolina Rules of Evidence.

Ms. Little testified that at some point after defendant assaulted her, she "noticed that [her] neck was stiff and [she] was having a hard time swallowing." She continued:

> MRS. LITTLE: . . . so I went to the hospital in Greensboro, and they diagnosed me --
>
> [DEFENSE COUNSEL]: Well, objection.
>
> MRS. LITTLE: -- with having a cervical --
>
> THE COURT: Hang on. . . . If you're up here, you're testifying today, and somebody makes an objection like [defense counsel] just did, okay, if you'll please just stop talking until I can figure out what's going on, all right? If you are the person or the attorney that makes the objection, I'll just remind you that you need to make sure you let me know what the legal basis is for your objection and then I'll -- I'll rule.
>
> Okay, so, yes, sir, [defense counsel], what's the objection?
>
> [DEFENSE COUNSEL]: Hearsay, Your Honor.
>
> THE COURT: Overruled. Go ahead.
>
> MRS. LITTLE: Yes. I was di- --
>
> THE COURT: I'm saying -- ma'am, you were saying something about the diagnosis. What was it?
>
> MRS. LITTLE: Cervical strain, and I do have a documentation from the hospital that notes that, and also they prescribed me some pain pills 'cause it -- and muscle relaxer 'cause the doctor told me that I --
>
> [DEFENSE COUNSEL]: Objection.
>
> MRS. LITTLE: -- was going to --
>
> [DEFENSE COUNSEL]: Hearsay.

THE COURT: Okay. Sustained. Okay. Go ahead, ma'am. What – okay. Okay. I don't – you've already told me what the diagnosis is.

MRS. LITTLE: Yes.

THE COURT: That's okay. All right. What else?

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.R. Evid. 801(c). Hearsay evidence is generally inadmissible unless it falls within one of the exceptions recognized in the North Carolina Rules of Evidence or another statute. N.C.R. Evid. 802 ("Hearsay is not admissible except as provided by statute or by these rules.").

There is no question that the complained-of testimony was an out-of-court statement offered for the truth of the matter asserted. Ms. Little was testifying to what the doctor told her in order to prove to the court that her neck had suffered a cervical strain. The statement was, therefore, inadmissible unless it fell within one of the recognized exceptions to the hearsay rule.

Because there is no evidence that the doctor in this case was unavailable, the testimony, in order to be admissible, must fall within one of the exceptions in Rule 803 of the Rules of Evidence, which sets out the exceptions to the hearsay rule that apply regardless of the availability of the person making the statement. We have been unable to identify any specific exception in Rule 803 that might apply. Since the trial court provided no explanation for why it was overruling the hearsay objection, the court could not have admitted the statement under the catch-all exception of Rule 803(24). *See State v. Smith,* 315 N.C. 76, 96, 337 S.E.2d 833, 847 (1985) (finding reversible error where the trial court did not "set[] out in the record his analysis of the admissibility of hearsay testimony pursuant to the requirements of Rule 803(24)").

Because the admission of Ms. Little's statement regarding what a doctor said about her diagnosis does not fall within any hearsay exception, it was inadmissible evidence. Even so, "[i]t is well established that even when the trial court commits error in allowing the admission of hearsay statements, one must show that such error was prejudicial in order to warrant reversal." *In re F.G.J., M.G.J.,* 200 N.C. App. 681, 687-88, 684 S.E.2d 745, 750 (2009) (internal quotation marks omitted).

When a trial court sits without a jury, this Court generally "presume[s] that the [trial] court disregard[ed] the incompetent evidence" and

sustains the trial court's findings if they are supported by competent evidence. *Munchak Corp. v. Caldwell*, 301 N.C. 689, 694, 273 S.E.2d 281, 285 (1981). Here, however, the trial court specifically found that plaintiff had suffered "neck strain," and the only evidence submitted of that diagnosis was Ms. Little's inadmissible testimony. Consequently, it is apparent that the trial court did, in fact, rely upon the inadmissible hearsay. Given the trial court's finding of fact, we cannot conclude that admission of the evidence was harmless error.

[2] Defendant next asserts that the trial court erred in admitting evidence that defendant was convicted in the separate criminal case arising out of the alleged assault. During the hearing in this case, Ms. Little testified that she had filed assault charges against Mr. Little. When asked by the trial court whether she had any further testimony, she said: "I did – as far as the assault charge, Mr. Little was found guilty of it."

Ms. Little also presented an apparently uncertified document from the criminal file in support of her testimony. After Mr. Little's attorney objected that the document was uncertified, the trial court asked for the document and ruled that he was taking "judicial notice of the contents of the official file, 11 CR 055306." The trial court explained that he was finding the criminal file "relevant to the case here."

After noting Mr. Little's attorney's objection to its taking judicial notice of Mr. Little's criminal file, the court ruled: "This Court -- the Court still takes judicial notice of it." The trial court then indicated it would grant the domestic violence protective order, but took a recess for the purpose of going to get the file regarding defendant's criminal conviction:

> I want to just get that file that I took judicial notice of. I'm gonna go ahead and enter the Order. If you want to be here, that's fine. If not, otherwise, let's go ahead and enter it. If you want to be here, that'll be fine, but I'll -- I haven't signed it yet.

After a 15-minute recess, the trial court returned and said the following:

> In this case, although I had rendered my decision prior to actually seeing the criminal file, which I noted I would take judicial notice during the trial itself, Madam Clerk has now produced that. I see that on October 10th, 2011, the defendant appeared in front of Judge Sabiston and entered a plea of not guilty to one count of assault on a female, and contrary

to his pleas, was found guilty of assault on a female; again, on October 10th of 2011, for this same incident.

The court then included the following finding of fact in the order:

> Criminal charges filed in 11 CR 055306. Court takes judicial notice of contents of that file. Defendant was found guilty on 10/10/11 of assault on female by presiding Judge Sabiston.

We first note that defendant does not cite any authority for his contention that the trial court's going to get Mr. Little's criminal file and thereby "procuring evidence for" Ms. Little was improper. Indeed, a "[t]rial court[] may properly take judicial notice of 'its own records in any prior or contemporary case when the matter noticed has relevance.' " *Stocum v. Oakley*, 185 N.C. App. 56, 61, 648 S.E.2d 227, 232 (2007) (quoting Kenneth S. Broun, *Brandis and Broun on North Carolina Evidence* § 26 (5th ed. 1998)); *see also Mason v. Town of Fletcher*, 149 N.C. App. 636, 640, 561 S.E.2d 524, 527 (2002) (holding finding of fact that right of way was 39.37 feet was proper where finding was supported by trial court's having taken judicial notice of separate case in same county).

The trial court did not specify the basis for its determination that the file was relevant, and the only possible basis we have been able to identify is the doctrine of collateral estoppel. Res judicata cannot apply because Ms. Little was not a party to the criminal proceeding. *See Moore v. Young*, 260 N.C. 654, 658, 133 S.E.2d 510, 513 (1963) (holding res judicata did not apply in wrongful death claim where defendant had been convicted of involuntary manslaughter because plaintiff was not party to criminal action).

Collateral estoppel applies " 'when there has been a final judgment or decree, necessarily determining [the] fact, question or right in issue, rendered by a court of record and of competent jurisdiction, and there is a later suit involving an issue as to the identical fact, question or right theretofore determined, and involving identical parties or parties in privity with a party or parties to the prior suit.' " *King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E.2d 799, 805 (1973) (quoting *Masters v. Dunstan*, 256 N.C. 520, 524, 124 S.E.2d 574, 576 (1962)). Our Courts have, however, approved the use of offensive collateral estoppel to bar re-litigation of issues without consideration of privity under certain circumstances. *See Rymer v. Estate of Sorrells*, 127 N.C. App. 266, 268-69, 488 S.E.2d 838, 840 (1997).

We need not decide whether offensive collateral estoppel would apply in this case, however, because the record does not indicate that

any final judgment exists in the criminal proceeding. The disposition in the underlying assault action was a prayer for judgment continued ("PJC") that only imposed as conditions payment of costs and obedience to the preexisting temporary restraining order. Such a PJC does not constitute a final judgment. *See State v. Cheek*, 31 N.C. App. 379, 381-82, 229 S.E.2d 227, 228 (1976) (" 'When the prayer for judgment is continued there is no judgment -- only a motion or prayer by the prosecuting officer for judgment. And when the court enters an order continuing the prayer for judgment and at the same time imposes conditions amounting to punishment (fine or imprisonment) the order is in the nature of a final judgment, from which the defendant may appeal. Punishment having been once inflicted, the court has exhausted its power and cannot thereafter impose additional punishment.' " (quoting *State v. Griffin*, 246 N.C. 680, 683, 100 S.E.2d 49, 51 (1957))).

We, therefore, have not been able to identify any basis for admitting the result of the criminal proceeding in this case. Since the trial court specifically relied upon defendant's having been found guilty in the criminal action, we cannot conclude that the court's taking judicial notice of the criminal file was harmless error.

Consequently, the trial court committed prejudicial error in admitting the hearsay testimony and in taking judicial notice of the criminal file. We, therefore, reverse the trial court's order.

[3] N.C. Gen. Stat. § 50B-3(b) (2011) provides that "[p]rotective orders entered pursuant to this Chapter shall be for a fixed period of time not to exceed one year." The trial court may, however, renew a protective order "upon a motion by the aggrieved party filed before the expiration of the current order . . . ." *Id.* While defendant represents to the Court that the order in this case was not renewed, the record before the Court is silent on that question. On remand, in the event the domestic violence protective order was not renewed, the trial court shall enter an order vacating the domestic violence protective order. If the domestic violence protective order was properly renewed, then defendant is entitled to a new trial.

Reversed and remanded.

Chief Judge MARTIN and Judge STROUD concur.