An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-155

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

CRYSTAL GAIL COTTEN,
    Plaintiff,

v.                                      Johnston County
                                        No. 13 CVD 2741
JEFFREY GENE WORRELLS,
    Defendant.


Appeal by defendant from order entered 13 September 2013 by Judge R.W. Bryant, Jr. in Johnston County District Court. Heard in the Court of Appeals 5 June 2014.

*No brief filed on behalf of plaintiff-appellee.*

*Michael J. Reece for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Jeffrey Gene Worrells ("Defendant") appeals from a domestic violence protection order ("DVPO") that, *inter alia*, prevents him from having contact with Crystal Gail Cotten ("Plaintiff") and her son for one year. Defendant contends (1) that there is no competent evidence to support the trial court's finding that Defendant committed an act of domestic violence against Plaintiff; and (2) that the trial court exceeded its statutory

authority by ordering that Defendant cease having contact with Plaintiff's son. For the following reasons, we disagree and affirm the trial court's DVPO.

## I. Factual & Procedural History

On 4 September 2013, Plaintiff filed a complaint and motion for the issuance of a DVPO in Johnston County District Court alleging that Defendant had threatened to take her life on three different occasions if she attempted to leave him. That same day, the trial court entered an *ex parte* DVPO ordering Defendant to cease having contact with Plaintiff pending a hearing on Plaintiff's motion. On 7 September 2013, Defendant was served with the complaint, the *ex parte* order, and a notice of hearing. On 13 September 2013, the matter came on for a hearing. Evidence presented at the hearing tended to show the following.

Prior to initiating the instant action, Plaintiff and Defendant were in a dating relationship and lived together. Plaintiff has one son from a previous marriage who stayed with Plaintiff and Defendant during Plaintiff's custodial time.

Plaintiff testified that during the last months of her relationship with Defendant, Defendant threatened to take her life on three different occasions if she left him and took her son away. According to Plaintiff, Defendant told her that "he

knew plenty of swamps and areas that he could hide [her] body [so that] no one would find it" and that "he didn't mind spending ten years of his life in prison for doing it."

Plaintiff testified that Defendant's actions were limited to oral threats and did not involve physical violence. Plaintiff indicated that the last threat occurred on 18 August 2013. On that date, at approximately 2:00 a.m., Defendant "got very loud" with Plaintiff in bed and threatened to kill her. Plaintiff testified that she put her arm around Defendant to calm him down so that he would not hurt her. Plaintiff indicated that the incident made her scared for her life.

In his defense, Defendant presented evidence showing that he and Plaintiff continued a normal relationship for a brief period of time after the 18 August 2013 incident. Testimony revealed that Plaintiff continued to stay with Defendant overnight, bring her son into the home with Defendant, and share meals with Defendant for approximately ten days after the 18 August 2013 incident. Plaintiff testified that she continued their normal routine because she wanted to wait until her son went to stay with his father before she left Defendant.

Following the hearing, the trial court entered a DVPO ordering Defendant to, *inter alia*, cease all contact with

Plaintiff and her son for one year. Defendant filed a timely notice of appeal.

## II. Jurisdiction

Defendant's appeal from the district court's DVPO lies of right to this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2013).

## III. Analysis

Defendant's appeal to this Court presents two questions for our review: (1) whether there is competent evidence supporting the trial court's conclusion that Defendant committed an act of domestic violence against Plaintiff; and (2) whether the trial court exceeded its statutory authority under N.C. Gen. Stat. § 50B-3 (2013) when it ordered Defendant to cease having contact with Plaintiff's son. We address each in turn.

## A. Evidence Supporting the Trial Court's Conclusion of Law

Defendant's first argument on appeal concerns the evidentiary support for the trial court's conclusion that Defendant committed an act of domestic violence against Plaintiff.

"When the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its

conclusions of law were proper in light of such facts." *Burress v. Burress*, 195 N.C. App. 447, 449, 672 S.E.2d 732, 734 (2009) (quotation marks, citation, and brackets omitted). "Competent evidence is evidence that a reasonable mind might accept as adequate to support the finding." *In re Adams*, 204 N.C. App. 318, 321, 693 S.E.2d 705, 708 (2010) (quotation marks and citation omitted). "Where there is competent evidence to support the trial court's findings of fact, those findings are binding on appeal." *Burress*, 195 N.C. App. at 449–50, 672 S.E.2d at 734.

Pursuant to N.C. Gen. Stat. § 50B-3(a), "[i]f the court . . . finds that an act of domestic violence has occurred, the court shall grant a protective order restraining the defendant from further acts of domestic violence." Pertinent here, an act of domestic violence includes, *inter alia*, actions by "a person with whom the aggrieved party has or has had a personal relationship" that places "the aggrieved party or a member of the aggrieved party's family or household in fear of imminent serious bodily injury." N.C. Gen. Stat. § 50B-1(a) (2013).

Here, the trial court's DVPO concludes as a matter of law that "[t]he defendant has committed acts of domestic violence

against the plaintiff" and that "[t]here is danger of serious and immediate injury to the plaintiff." To support its conclusions, the trial court found as fact that on 18 August 2013, Defendant placed Plaintiff in fear of an imminent serious bodily injury by "threating to kill plaintiff several times."

Defendant contends that Plaintiff failed to present competent evidence that an act of domestic violence occurred or that Plaintiff was "scared for her life." In making this argument, Defendant does not challenge the trial court's findings of fact concerning Defendant's threat on 18 August 2013. Rather, Defendant argues that the totality of the evidence presented at trial, which includes evidence concerning Defendant and Plaintiff's continued relationship after the 18 August 2013 incident, belies the truth of Plaintiff's testimony. Defendant's argument is misplaced. As the trier of fact in this case, it is the province of the trial court "to determine the credibility of witnesses and the weight of their testimony and the reasonable inferences to be drawn therefrom." *Beasley-Kelso Assocs., Inc. v. Tenney*, 30 N.C. App. 708, 711, 228 S.E.2d 620, 622 (1976). Accordingly, we decline to re-weigh the evidence presented at the DVPO hearing and instead limit our review to determining whether competent evidence supports the trial

court's finding that Defendant "threatened to kill plaintiff several times." At the hearing, Plaintiff testified that on 18 August 2013, Defendant threatened to kill her for the third time and that Defendant's threat made her scared for her life. We hold that this testimony is sufficient to support the conclusion that Defendant committed an act of domestic violence against Plaintiff. Defendant's first argument on appeal is therefore without merit.

## B. The Trial Court's Statutory Authority Under Section 50B-3

Defendant's second argument on appeal is that the trial court exceeded its statutory authority under N.C. Gen. Stat. § 50B-3 by ordering Defendant to cease having contact with Plaintiff's son, even when Plaintiff is absent and the boy is with his father. Specifically, Defendant contends that there was "no evidence whatsoever that [Plaintiff's son] needed protection from [Defendant]" and that "there was no basis for infringing on [Plaintiff's ex-husband's] custodial time by restricting his ability to allow [Plaintiff's son] around [Defendant]." Again, Defendant's argument is misplaced.

Setting aside the fact that Defendant appears to be asserting a right purporting to belong to Plaintiff's ex-husband, who is not a party to the instant action, N.C. Gen.

Stat. § 50B-3(a)(13) explicitly provides that a DVPO may "[i]nclude any additional prohibitions or requirements the court deems necessary to protect any party or any minor child." Given Plaintiff's testimony that Defendant threatened to kill her if she took her son away from him, the fact that she was scared for her life, and the fact that she did not want to leave Defendant until her son returned to his father's custody, we hold that the trial court acted within its authority under N.C. Gen. Stat. § 50B-3(a)(13) in ordering Defendant to cease having contact with Plaintiff's son. Defendant's second argument on appeal is therefore without merit.

## IV. Conclusion

For the foregoing reasons, the trial court's DVPO is affirmed.

AFFIRMED.

Judges ERVIN and DAVIS concur

Report per rule 30(e).